UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PALMER,<br><br>    Plaintiff,<br><br>    v.<br><br>NIPPON YUSEN KABUSHIKI KAISHA (NYK LINE),<br><br>    Defendant. | Case No. 24-cv-00309-DMR<br><br>**ORDER DENYING JOINT DISCOVERY LETTER WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 41 |

    This is a maritime personal injury case in which Plaintiff William Palmer fell through an open hatch on a ship owned by Defendant Nippon Yusen Kabushiki Kaisha ("NYK Line"). At the time of the accident, Plaintiff was employed by third party Pacific Crane Maintenance Company, LLC ("PCMC"). PCMC completed its own investigation of the accident. NYK Line seeks discovery from PCMC about that accident investigation.

    On July 17, 2025, NYK Line and PCMC filed a joint discovery letter in which NYK Line moves to compel PCMC to re-produce a 30(b)(6) witness to testify on 14 noticed topics. [Docket No. 41 (JDL).] NYK Line argues that PCMC's 30(b)(6) witness, Scott Baker, was not adequately prepared before the deposition. PCMC asserts that Baker was fully prepared to the extent required under Federal Rule of Civil Procedure 30(b)(6).

    NYK Line and PCMC fail to sufficiently address key issues in the JDL. Therefore, the court denies the JDL without prejudice and orders NYK Line and PCMC to meet and confer fully. If they still cannot resolve their dispute, they shall file a new, standalone joint discovery letter which addresses the topics described below.

**I.    LEGAL STANDARD**

    Rule 30(b)(6) governs notices or subpoenas directed to an organization. It provides, in

pertinent part:

> In its notice or subpoena, a party . . . must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers . . . who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). "The testimony of a Rule 30(b)(6) designee 'represents the knowledge of the corporation, not of the individual deponents.'" *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008) (quoting *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996)). A Rule 30(b)(6) deponent's role is "to provide the entity's interpretation of events and documents." *Kelly v. Provident Life & Acc. Ins. Co.*, No. 04CV807-AJB BGS, 2011 WL 2448276 (S.D. Cal. June 20, 2011) (citation omitted).

"Rule 30(b)(6) imposes burdens on both the discovering party and the designating party." *Great American*, 251 F.R.D. at 538. On the one hand, the party seeking discovery is required to describe "with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). On the other hand, the responding organization "is required to educate an appropriate Rule 30(b)(6) designee to provide knowledgeable answers reasonably available to the corporation, which includes information ascertainable from claims files, documents produced in this case, information from past employees, witness testimony and exhibits, or any other sources available to the corporation." *Kelly*, 2011 WL 2448276, at *5; *see also Bowoto v. ChevronTexaco Corp.*, No. C 99-02506 SI, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) (a corporation "has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition"). Both parties "must confer in good faith" prior to the deposition to determine the deposition's appropriate scope. *See* Fed. R. Civ. P. 30(b)(6). If it "becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent." *Great American*, 251 F.R.D. at 540.

## II. SUPPLEMENTAL BRIEFING REQUIRED

### A. Andrew Lorenzana Files

NYK Line's main complaint is that Baker failed to review files belonging to a PCMC employee named Andrew Lorenzana before the deposition. JDL 2. NYK Line alludes to its individual deposition of Lorenzana, in which Lorenzana stated that his memory of events was limited because he had been denied access to his files by PCMC and had been ordered to return his work computer to PCMC a week before his deposition. *Id.* However, NYK Line is not moving to reopen its deposition of Lorenzana. It is moving to have PCMC reproduce its 30(b)(6) witness.

The record is entirely unclear about whether Lorenzana ever possessed any files relevant to the noticed deposition topics. NYK Line asserts that Lorenzana was "the PCMC employee who investigated the accident," which would suggest that Lorenzana possessed files, at least at some point, that were related to the investigation. JDL 2. Meanwhile, PCMC asserts that the only PCMC employees who conducted an investigation were Jerry Gatine, Davis Tsen, and Brian Rau, and that Lorenzana "did not investigate the accident." *Id.* at 5. PCMC further asserts that Baker did review the relevant investigation documents. *Id.* Neither party presents any evidence or explanation for their conflicting assertions about Lorenzana's role in the investigation and what files he possessed. As the moving party, NYK Line bears the burden of establishing that the requested discovery is relevant. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). NYK Line must explain, supported by evidence, why it believes Lorenzana had relevant files that Baker did not review. PCMC may present counterevidence.

Even if Lorenzana possessed relevant files, NYK Line's motion does not explain how they relate to the various noticed topics. Some topics appear to have little to do with Lorenzana—for example, Topic Nos. 3 and 4 are about the "employment records" for Plaintiff and Plaintiff's coworker at the time of the accident. NYK Line never suggests that Lorenzana possessed or had knowledge of any of these employment records. Even if Lorenzana had files relevant to one topic, a 30(b)(6) witness's failure to adequately prepare for one noticed topic does not give NYK Line carte blanche permission to reopen the deposition on all noticed topics. NYK Line must explain which topics required Baker to review Lorenzana's files to prepare for the deposition, and why.

3

### B. Other Grounds for the Motion to Compel

NYK Line's only other argument is a vague assertion that Baker "had no first-hand knowledge of the listed topics, and the only preparation he did for the deposition was to review PCMC's prior, redacted, document production." JDL 1. It is not clear why this would be inadequate preparation. A 30(b)(6) witness is not required to have first-hand knowledge. Corporate witnesses commonly prepare for deposition by reviewing prior document production. NYK Line fails to identify any particular question that Baker was not able to answer but that he would have answered if he had been reasonably prepared. NYK Line does not address any of PCMC's specific objections, such as PCMC's argument that many of the documents NYK Line seeks information about are not under PCMC's possession, custody or control; that Topic Nos. 9-10 cannot be answered because no witnesses to the accident exist; or that Topic No. 12 falls under the attorney-client privilege.

NYK Line's motion to compel is far too vague. To the extent that its motion is based on something other than the failure to review Lorenzana's files, NYK Line must specifically identify each noticed topic and why Baker was inadequately prepared to testify about it, addressing any of PCMC's counterarguments.

## III. CONCLUSION

The JDL is denied without prejudice. NYK Line and PCMC shall meet and confer on the above issues. If they cannot resolve their dispute, they shall file a new, five-page joint discovery letter by August 5, 2025. The letter shall attach competent evidence, such as a sworn declaration, supporting the parties' assertions. The parties may attach more than one exhibit. The letter must stand on its own; it may not refer to or incorporate any other document.

**IT IS SO ORDERED.**

Dated: July 22, 2025

Donna M. Ryu
Chief Magistrate Judge

4